The 4th District Appellate Court of the state of Illinois has reconvened. The Honorable Robert J. Steigman presiding. Thank you, Mr. Bailiff. This is our case number 4-23-0659, people versus Melgoza. First, I wanted to apologize to the council for being late. We've been having some Zoom difficulties, but it looks like we have them all solved now, so we'll be able to proceed, I hope. So, let me ask counsel for the appellant. Please state your name for the record. Emily Boyk with the Office of the State Appellate Defender on behalf of Stephanie Melgoza. Thank you, counsel and counsel for the appellate. Tim Londrigan, State's Attorney's Appellate Prosecutor's Office on behalf of the state. Thank you, counsel. Then, Ms. Boyk, on behalf of the defendant, you may proceed. Thank you, Your Honor. Good morning, Your Honors, counsel, and may it please the court. Again, my name is Emily Boyk with the Office of the State Appellate Defender, and I represent Stephanie Melgoza in this appeal. At Stephanie Melgoza's sentencing hearing, the circuit court found every statutory mitigating factor that could possibly apply in her case, including that she has no criminal history, she is unlikely to commit another crime, and her criminal conduct was the result of circumstances unlikely to occur. In contrast, the court found only one statutory aggravating factor, that the sentence is necessary to deter others from committing the same crime. Because the circuit court improperly considered the aggravating factor of deterrence, treated Stephanie's pregnancy as an aggravating factor, relied on information outside of the record, and considered improper victim impact statements, we asked this court to either reduce Stephanie's sentence or remand her case for a new sentence hearing. First, the court improperly applied the aggravating factor of deterrence after its statements at sentencing indicated that it did not actually believe that factor applied. At sentencing, the court stated that the only statutory aggravating factor that applied to engage in a lengthy discussion of the limited impact that sentences of incarceration have in DUI cases. For example, the court wondered, how does my sentence to prison deter anybody if nobody remembers the names of other people sentenced for DUI? Instead, the judge said that, quote, it's probably got to be the individuals that make money off this, the alcohol companies, the promoters, who need to take action to deter driving under the influence. These comments reflect that the court believed that the sentences of incarceration for DUI are simply ineffective. As a result, the court did not make the necessary finding that a sentence of incarceration is necessary to deter others as required by the statute. And it is improper for a sentencing court to consider a statutory aggravating factor when that factor does not apply. Counsel, good morning. Didn't the court's comments here really amount to almost a rhetorical type of narrative? And did the court not come around to abandoning any ambivalence he might have expressed to indeed indicate that he was imposing prison to deter as a deterrent factor, both for this defendant and generally? If we're looking in context and from beginning to end. Yes, Your Honor. So I think that looking at the comments as a whole, as you know, I think does kind of undermine the notion that the court actually made the finding of that deterrence applied here. For example, the court, you know, near the beginning of the sentencing remarks, the court kind of holds the gallery and said, you know, who here has heard of Glenn Abney, who the court noted was a defendant who had recently been sentenced for DUI causing death. And from the record, it appears that only the prosecutor raised their hand. And then the court said, see, you know, how is deterrence going to work if no one remembers the names? And again, at the hearing on the motion to reconsider, which happened a couple months, I believe it might have been two months after sentencing, the court against that, you know, since I've sentenced you, the more people are coming through, this keeps happening. So I think looking from beginning to end at all of the court's comments, they indicate that the court did not believe that there was a necessity of sentencing Stephanie to prison that would actually cause the effect that is required under the statute. Council, follow you. Go ahead. Sorry, council didn't, didn't the court ultimately determine though, that it's still there was a sentence that would deter others, including deterring this defendant from committing these offenses again. I think, didn't the trial judge specifically point that out? Yes, Your Honor, you're correct that the the court did say that that was what the aggravating factor he was applying. The court did, as I noted in my opening, also find that Stephanie was unlikely to commit another crime and that the circumstances of this offense were unlikely to recur. So I think that that undermines somewhat the court saying that it was doing this to deter Stephanie when the court also found that Stephanie would not do this again. But But, again, going back to the comments as a whole, I think undermine the court's statements saying that that it was applying the deterrent factor here. I'll be up on this question about the court's remarks. Was the court correct in noting that the sentencing range for the aggravated DUI in this case, resulting in two deaths was six to 28 years? Yes, that's correct. And the court imposed the 14 years? Yes, that is correct. And assuming it sentencing hearing, the trial court said, I have read and considered the PSI. I have considered all of the factors and matters called to my attention by the state and the defendant. I've carefully considered all the statutory and non statutory aggravating and mitigating factors in this case. And it's my considered judgment that a 14 year sentence is appropriate. Would there be anything improper in that assessment or statement by the judge? And no, Your Honor, there wouldn't. Well, the reason I asked that is you're talking to a panel of the appellate court, but in our prior incarnations, we were all trial judges and our sympathy is still with the trial judge. And it appears, it seems to me, going back to that experience, it's important for courts to explain what they're doing and why they're doing. And it seems to me it's something that this court should encourage. And if we were to accept the arguments you're making here, counsel, the question is, how would the audience of trial judges view that? And it would, maybe a lot of them would view it as, as I heard, what I remember when I was a trial judge, regarding the common enemy as the appellate court was known, shut your mouth, keep it simple, stupid, say nothing, don't give them a basis to reverse you. I don't think that's good policy. I don't think that's good for anyone. I think it's, and yet, and I thank you for your candor, that would be entirely legitimate as a basis. It's kind of like judges who were serving as the trier of fact in a bench trial. It's a serious case of the defendant to raise his right to a trial. The judge hears closing arguments, says I've all the evidence, I've considered the arguments of counsel. Court finds the defendant guilty of armed robbery as charged and sets sentencing for that and walks off the bench. I don't think that's a service to the litigants. And I think that's something to be discouraged. I think it's important for judges to explain what they're doing, why they're doing it. And my concern is in this case, as Justice Zanoff has said and also now Justice Vancell, aren't we dealing with a trial court musing about all of this and trying to explain how the court views it in a fashion so that literally everyone in the courtroom, I think, would understand the court is taking this very seriously and is giving this a lot of weight and is conflicted about the matters of mitigation, for instance. Isn't that a good thing for judges to do? And aren't we causing, aren't we suggesting to judges, stop it, keep your mouth shut if we were to agree with you in this appeal? I understand and agree with your honor that it is not our intention. And certainly I agree that courts should not be discouraged from explaining their rulings. And we're not asking that the courts not be able to do so. But we're just, in this appeal, we're looking at the record that we have and of course, what statements the court made and considering them in context with the entire sentencing hearing. And so that's the basis of our argument because the court did say these things and the way that the court said them seems to contradict the findings that the court purported to make. And so that is the basis that we are raising this issue, your honor. Moving to another sentencing issue, if the court doesn't have any further questions about deterrence. In addition to considering the statutory aggravating factor of deterrence, the court improperly considered Stephanie's pregnancy as an aggravating factor. As your honors know, the fact that the defendant is pregnant is a statutory mitigating factor. Yet, in this case, the court considered the fact that Stephanie was pregnant at the time of sentencing as an aggravating factor. As the state agrees... Counsel, if I can interrupt, you said at the time of sentencing, but isn't it true that the pregnancy only came up in the defendant's motion to reconsider sentence and was not even mentioned in the sentencing hearing by the judge? You're correct, your honor, that it was not verbally mentioned during the sentencing hearing. However, the court was aware of it. We know this, first of all, it was in the PSI and also because the court told us, the court said at the motion to reconsider, I considered the fact that you were pregnant. So regardless of whether it was verbally raised, the court did consider it. There's no ambiguity about that in the record. And so then the question becomes, did the court consider it in an improper way as an aggravating factor? And here, the court's comments at the hearing on the motion to reconsider demonstrated that it believes that Stephanie becoming pregnant while awaiting sentencing just demonstrated that she was selfish and irresponsible. The court specifically lamented Stephanie's bad character in the context of not just of the well-being of her future child, but also as a reflection of her selfishness in regards to the victim's families and being pregnant in front of the victim's families. The court said, you know, this wasn't brought up at sentencing hearing so that the victim's families didn't find out. And the court sarcastically said, you got drunk, you killed a couple people, but hey, you got pregnant, you're going to have a baby, you got married. It just shows indifference. It's a lack of character. Counsel, isn't it correct, though, that the cases that you cite, Negret, Bendekop, I'm not sure I'm pronouncing these right, Smother, all are distinguishable. And in those cases, it appears that the trial judge did what it did and made the comments in an attempt to prohibit procreation. Here, these cases had nothing to do with the facts in this case. Isn't that correct? You're correct. Yes, Your Honor, you're correct that this case is not, our issue is not that the court was trying to prohibit Stephanie from procreating, but rather that he was punishing her for having done so, specifically regarding the timing that she chose to do so. When you say punishing, go ahead. Go ahead, Judge Fentz. Okay, thank you. Counsel, there's nothing in the record that would indicate that when the judge addressed the pregnancy that the judge opted for a higher sentence or either a lower sentence based on that pregnancy. The judge found it as a mitigating factor, and perhaps the judge's comments just meant that he didn't give as much mitigating weight to the pregnancy. But there's no indication that he increased the sentence or applied this as an aggravating factor, is there? Two responses to that, Your Honor. First, as you know, this is a statutory mitigating factor. And in the statute, the legislature has listed some circumstances that courts may consider when considering how to weigh this mitigating factor. For example, some of those are, is the mother going to be breastfeeding? Does the mother financially support the child? Things like that. It's very clear from the statute that the purpose of this mitigating factor is for the court to assess how a sentence will affect the best interests of the child. Notably absent from that list is anything about the timing of the pregnancy, how or when or why the pregnancy occurred, and nothing about the defendant's character. The purpose of the mitigating factor is not to evaluate anything about the defendant's character. The purpose of the factor is to evaluate how a sentence would affect the child. And so here, the court was using the timing of Stephanie's pregnancy as evidence of her, the judge said, bad character. And character is something that the court is permitted to consider and stated that he did consider in this case. So the fact that the court explicitly found that the timing of her was a negative thing about her essentially is saying that her exercise of her fundamental right to procreation is something that he is going to consider negatively and is holding it against her. And that would be an improper way to consider that mitigating, that factor, considering the way it's supposed to be used according to the statute. And I think that also goes to the Your Honor's comments earlier regarding the Negrete and Beninop, Beninop, and these other cases is that the court is not saying, here Stephanie is already pregnant, so it's not that the court doesn't want her to procreate in the future. And I think it's also, you know, it's important to recognize the context here of what Stephanie and why it's so important that courts not get into the how and the when and the why of defendant's pregnancies. You know, at the time of sentencing here, Stephanie was 24 years old. This was an open plea, so she knew she was facing up to 28 years in prison. And the reality is that a young woman in her early 20s, who is facing potentially 28 years in prison, very well may not ever have a chance to procreate at other than this time. That, you know, she is facing the reality that potentially she will be beyond her childbearing years after she's released from prison. And I think that's exactly why courts are not supposed to get into considering the reasoning behind pregnancies or the timing, because those are just things that have nothing, that don't tell us anything meaningful about character. And here the court clearly thought it did tell him something about her character. So that is why it was improper to consider it in that way in this case. Again, a trial court has discretion to consider any factors beyond those that are specifically mentioned in the statute. Isn't that correct? That is correct, Your Honor. However, the court cannot consider, you know, factors related to, you know, things that are improper, such as, race or gender or things like that. And that includes the exercise of your constitutional, fundamental constitutional right to procreate. The court cannot use that as evidence of aggravation. Right. Well, not to spend too, too much time. I know there are probably other points you want to make, but one can certainly separate the decision to get pregnant with the timing of that decision. And in looking at the trial court's comments here, I think possibly it is possible for us to separate out the timing and how that might have reflected on this defendant's decision-making abilities or her character, as opposed to the decision to try to be pregnant or get pregnant. So anyway, I'll let you go ahead and continue making any other points you wish to, given our time left. Thank you, Your Honor. Just briefly moving to another sentencing issue. We assert that the sentencing court also improperly relied on information outside of the record. This specifically is related to a NHTSA study that the court cited in its sentencing determination and also the court's references to the sentences and cases of other defendants. This information was not part of the record. It was not, the court did not properly take judicial notice of this information. And the court referenced, but why this is prejudicial is because the court referenced this information in its discussion of deterrence, which again was the only aggravating factor that the court found that applied. In Dameron, the Illinois Supreme Court noted that the defendant's constitutional rights are violated when a court looks at information outside of the record, regardless of whether this investigation yielded benign results. Regardless of the fact that whether this was done not maliciously in any way, the court still was relying on information that was not for it. And for that reason, that is a due process violation for Stephanie. And again, it is prejudicial because of the fact that the way that information was used was to support the sole aggravating factor here. And in the briefs, we did compare these errors to Dameron, where in Dameron, the trial court looked at a nonfiction book that talked about statistics related to homicide, that the defendant in that case was convicted of first degree murder, and also referenced sentencing comments by his father, who had also been a circuit judge, say that that case reminded him a lot of this case. And the Illinois Supreme Court found that that was improper because the court was looking outside the record to make its determination about the sentencing. And briefly, I recognize we're almost out of time, so I will just briefly note that we are also raising that the victim impact statements that were introduced in this case were improper under the statute and also due to their content and their source were prejudicial. But I will leave it there. So again, because the court considered improper factors at Stephanie's sentencing hearing, we asked this court to either reduce her sentence or remand her case for a new hearing. Thank you. Thank you, counsel. Mr. Lansing, on behalf of the state, you may argue at this time. Thank you, your honors. May it please the court. Good morning. I don't have a great deal in response to Appley's argument this morning. I'll rely primarily on the brief that I have already filed with the court. But just generally, I'll touch over the issues that she raises with regard to deterrence being an improper consideration. I just couldn't agree, disagree rather more with her interpretation of the court's comments. I think the trial court, sentencing court is definitely bending over backwards to try to explain itself, as Judge Stegman suggests is appropriate to this young defendant as to how he reaches his sentencing decisions. He's obviously frustrated with the fact that he continues to see DUI in his courtroom time after time, and that people aren't getting the message. However, frustration with the reoccurrence of this problem does not suggest that he believes deterrence is an improper consideration. In fact, he specifically says on numerous occasions, that that is the only aggravating factor that he's considering. And he explains to this defendant why that's an appropriate consideration for him. Simply noting that a sentence of this defendant is not going to correct this problem for the future, does not suggest that this judge thought that deterrence was an improper consideration. I just think that's an argument not supported at all by this record. The second issue I think that's raised here on appeal is that the pregnancy of the defendant was used as an aggravating factor. Again, that simply ignores the plain language in this record, that the sentencing court specifically told the defendant that he was not using her pregnancy as an aggravating factor. He noted that it was a mitigating factor, but he then explained why he was putting little to no weight on the factor. And that was because this defendant, as pointed out by counsel here this morning, probably knew that she faced a significant sentence. She may not be able to bear children at the time she was released from prison. And so she took it upon herself to become pregnant using what apparently she believed may be her last opportunity to do so. I don't know what she was thinking, but she clearly was not pregnant at the time of the offense. She became pregnant sometime after pleading guilty to it. And she obviously didn't give a lot of consideration to the unborn child. And that was the court's concern. He wasn't going to reward this defendant after having killed two innocent individuals for going out and getting pregnant right before the sentencing. He simply gave that factor little consideration. He did not consider it as an aggravating factor. And therefore, I just find this argument has little weight, if any. I think it's also raised that the court might have gone outside the record. I don't believe that's true either. We all have experiences in life. This trial judge or sentencing court is no different. The court simply noted in this NHTSA study that this problem persists. In fact, you know, this is an argument that I think defendant tries to make both ways. She raises it initially to say, well, the court considers the NHTSA study as evidence that deterrence is inappropriate, has no effect. In fact, the NHTSA study suggests that this continues to be a problem for society, regardless of the number of people that we sentence who violate it. So this NHTSA study was not used to increase the sentence that this defendant received, rather simply to explain the court's frustration that this is a problem that reoccurs and comes before him on a regular basis. And the same with the defendants whose names he mentioned. These are, you know, public matters of record. It's public knowledge of people who have previously been convicted of similar offenses. And the judge is simply noting that these sentences alone are not sufficient, apparently, to move society into a direction where they no longer continually commit this type of offense. He's frustrated. He's looking for answers. And he's trying to discourage this defendant herself to try to use her time and talents to persuade others not to engage in this type of conduct. I mean, let's not lose sight of the fact that two innocent individuals who were simply walking down the street were run over by this young lady who had a blood alcohol content more than three times the legal limit, that she hit these two individuals with such force that their legs were amputated from them, they were dragged for a considerable period of time, did not instantaneously meet their deaths, but languished there at the roadside for a period of time before ultimately dying as a direct result of her conduct. I can't believe that this judge has considered efforts at arriving at a proper sentence were at all improper. I think he bends over backwards to give this young lady due consideration for her future and for her past mistakes. And the sentence is appropriate in all respects. And if there's no further questions from the bench. Okay, I see none. Thank you, counsel. Ms. Boyk, on behalf of the defendant, you may have a rebuttal. All right. Thank you, Your Honors. I just wanted to respond to just two brief points regarding the issues. First, going back to, and I know we've discussed the pregnancy issue quite a bit already, but just to follow up on one last point, the comments about, just as enough about separating the timing of the pregnancy from the fact, from the right to get pregnant. And I think that is a very tricky thing to be trying to do. Just because again, it's getting into considering the when, the how, the why of when someone gets pregnant. I mean, those are all things that are kind of inherent in the right to procreate. The decision to procreate includes the decision regarding when and how. And so I think it's very difficult to separate those. And I think it puts us again in a difficult situation when courts are trying to assess the moral character of a person based on decisions related to timing. And again, this right is not taken away when someone is convicted of a felony. And so I would just again, reiterate that the court's focus on the timing was improper here. And also I just want to, regarding the general prejudice here regarding if Stephanie's sentence was increased or affected by this. Again, I think it's hard to find a more closely balanced sentencing case than this one in terms of just the overwhelming mitigation that the court found applied, that she was, helped the victims at the scene. She's the one who called 911. She's the one who performed life-saving aid. She was completely cooperative with the police. She, you know, was pled guilty fairly early in the process, spared the victim's families from a protracted case, fully took responsibility, you know, and all these things about no criminal record, things like that. So I think because of the overwhelming mitigation in this case, that is why these small, these, these, any of these errors, either separately or together, are prejudicial because there's so, the aggravation here, what's, what's affecting the number that the court arrived at is very, could be changed very easily based on just these, any small amount of information that the court shouldn't have considered or any way that the court is applying a factor that it shouldn't have considered. So those, those are just the points that I wanted to make, Your Honors. So if the court has no further questions, again, we are asking this court to either reduce Stephanie's sentence or remand her case for a new sentencing hearing. Thank you. Thank you, counsel. The court has sent this matter under advisement and will stand in recess.